UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LEOPOLDO CARDENAS

              Plaintiff,

      v.

ELDON VAIL, *et al*.,

              Defendants.

CASE NO. C09-5602 RBL/JRC

REPORT AND
RECOMMENDATION

**NOTED FOR**:
April 2, 2010

    This Civil Rights Action filed pursuant to 42 U.S.C. § 1983 has been referred to the

undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b) (1) (A) and 636(b) (1) (B)

and Local Magistrate Judge's Rules MJR 1, MJR 3, and MJR 4.

    Before the court is a motion for default against two of the defendants -- CANUSA and

Robert Kennedy Publishing. Because neither of these defendants accepted service by mail, nor

waived service, neither of the defendants is in default. The motion must be denied.

FACTS

    This action was commenced on September 28, 2009 when plaintiff filed a motion to

proceed in forma pauperis and a proposed complaint (Dkt. # 1). In forma pauperis was granted

on October 7, 2009 and an order directing service was entered on that date (Dkt. # 4 and 6). All

REPORT AND RECOMMENDATION- 1

defendants who work for, or are entities of, the state have accepted service by mail (Dkt. # 7 thru 24). The two defendants who did not accept service by mail or waive service are neither employees of the state nor state entities.

Plaintiff argues that when a party fails to answer default may be entered (Dkt # 27). The party against whom default is sought must first be properly served so that the court has personal jurisdiction. Here, neither of the defendants was served and plaintiff never brought a motion asking the court to serve them in person.

DISCUSSION

A defendant who has not appeared in an action and has not been personally served is not a party to the action and the court does not have personal jurisdiction over that defendant. Omni Capital Intern., Ltd. v. Rudolf Wolff & Co, Ltd., 484 U.S. 97 (1987).

The court lacks jurisdiction to enter default against CANUSA and Robert Kennedy Publishing in this case. The motion for default should be DENIED.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **April 2, 2010**, as noted in the caption.

Dated this 5th day of March, 2010.

J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION- 2