UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LEOPOLDO CARDENAS,

            Plaintiff,

v.

ELDON VAIL, *et al.*,

            Defendants.

CASE NO. C09-5602RJB

ORDER DENYING PLAINTIFF'S MOTION TO AMEND AND MOTION TO PERSONALLY SERVE THE AMENDED COMPLAINT

      This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrate Judges' Rules MJR 1, MJR 3, and MJR 4. Before the court are two motions filed by the plaintiff. In the first motion plaintiff asks for leave to amend the complaint (Dkt. # 31). In the second motion plaintiff asks the court to serve certain corporations and business groups who were involved in selling magazines to him.

      Leave to amend a complaint is given liberally, however the amendment proposed by plaintiff is futile and the motion is therefore **DENIED**. Plaintiff seeks to add details regarding his attempts to serve corporations and business entities. (Dkt. # 31, proposed complaint). The complaint is the same as to the state actors who have accepted service.

ORDER - 1

In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States.  <u>Parratt v. Taylor</u>, 451 U.S. 527, 535 (1981), *overruled on other grounds*, <u>Daniels v. Williams</u>, 474 U.S. 327 (1986).  Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present.  <u>Haygood v. Younger</u>, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).  Corporations and businesses selling magazines are not acting under color of state law.  Thus, the proposed amendments to the complaint are futile.

Plaintiff also asks the court to personally serve the corporate defendants.  The court attempted to serve the corporations and business entities named in the original complaint (Dkt. # 6).  There was no response from these named defendants.  Plaintiff then filed a motion for default (Dkt. # 26).  That motion was denied (Dkt. # 34).  Plaintiff states he sent mail to the businesses and it has been returned with a "sticker stating: 'moved/unknown/ demenage ou inconnu- RETURN TO SENDER- RENOVOI A L'EXPEDITEUR' and a hand written, 'RT CO. moved.'" (Dkt. # 31 proposed complaint page 9).  Thus, the court has no current address to attempt service, further, these defendants did not act under color of state law and they are not properly part of this action.  The motion for personal service is therefore, **DENIED**.

DATED this 30th day of April, 2010.

_____
J. Richard Creatura
United States Magistrate Judge

ORDER - 2